IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEREK PIESTER AND** | : | CIVIL ACTION |
| **SEMAH ZAVAREH, H/W,** | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | No.: 11-cv-04720 |
| | : | |
| **JOHN M. HICKEY AND** | : | |
| **POTAMKIN HYUNDAI, INC.,** | : | |
| Defendants. | : | |

<u>**MEMORANDUM**</u>

**LYNNE A. SITARSKI**                                                        **DATE:** March 20, 2012
**UNITED STATES MAGISTRATE JUDGE**

      Currently pending before the Court is the Motion of Defendants John M. Hickey and Potamkin Hyundai, Inc. to Dismiss Punitive Damages Pursuant to F.R.C.P. 12(b)(6) (Doc. No. 16) and Plaintiffs' Reply to Defendants' Motion to Dismiss Punitive Damages Claim (Docs. Nos. 20-21).  The question before the Court is whether Plaintiffs have alleged facts in their Complaint sufficient to proceed on a claim for punitive damages in an action for damages stemming from an automobile accident.  (Doc. No. 16).  Plaintiffs oppose the motion on the grounds that the facts alleged in the Complaint could allow a jury to conclude that punitive damages are appropriate. (Docs. Nos. 20-21).

      As more fully set forth herein, Defendants' motion will be granted.

**I.     FACTUAL BACKGROUND**

      On August 5, 2009, Derek Piester ("Piester") was driving his motor vehicle when he was

rear-ended on the U.S. Route 1 South exit off of Interstate 476 in Delaware County, Pennsylvania, by John M. Hickey ("Hickey").  (Doc. No. 1).  Hickey's Ford F-150, owned by Potamkin Hyundai, Inc. ("Potamkin") (collectively with Hickey, "Defendants"), collided with the car driven by Piester when Hickey allegedly "looked at" and/or "used" his cellular telephone.  Compl. ¶¶ 8, 9.  Piester and his wife Semah Zavareh ("Zavareh") ("Plaintiffs") claim that Hickey and Potamkin were "negligent, careless, and reckless" and their actions were "willful, wanton, and reckless."  *Id.* at ¶¶ 9-12.  Plaintiffs allege that Hickey failed to operate his vehicle safely because he "looked at" or "used" his cellular telephone while driving.  Plaintiffs further allege that Potamkin failed to train Hickey how to drive safely, and allowed Hickey to use his cellular telephone while driving Potamkin's vehicle.  *Id.* at ¶¶ 9-10.  Plaintiffs claim that they have suffered injuries and damages because of Defendants' actions, including serious and perhaps permanent physical injuries, indefinite economic expenditures, emotional damages, and a loss of consortium.  Pls.' Compl. ¶¶ 14-20.

Defendants admit that Hickey collided with Piester on August 5, 2009, but Defendants maintain that Hickey operated his vehicle in a reasonable manner.  (Doc. No. 7).  Defendants further aver that Plaintiffs have not stated a claim upon which relief may be granted.  *See* Answer.

## II.    PROCEDURAL HISTORY

Defendants filed an Answer and Affirmative Defenses to Plaintiffs' Complaint on October 26, 2011 (Doc. No. 7).  Thereafter, on February 10, 2012, Defendants also filed the present Motion to Dismiss Plaintiffs' punitive damages claim pursuant to Federal Rules of Civil

Procedure 12(b)(6(Doc. No. 16).

Defendants argue that Plaintiffs have failed to state a claim for punitive damages upon which relief can be granted.  Defs.' Mot. Dismiss ¶ 9.  Defendants argue that a claim for punitive damages must allege actions by a defendant which "create a high degree of risk of physical harm to another, and deliberately proceed[] to act, or fail[s] to act, in conscious disregard of[,] or indifference to, that risk."  *Id.* at ¶ 15 (*quoting Martin v. Johns-Manville Corp.*, 494 A.2d 1088, 1097 (Pa. 1985)).  Punitive damages cannot be awarded, Defendants argue, for "conduct which constitutes ordinary negligence such as 'inadvertence, mistakes or errors of judgment.'" *Id.* at ¶ 14 (*quoting Feld v. Martin*, 485 A.2d 742, 748 (Pa. 1984)).  According to Defendants, even construing the Complaint in the light most favorable to the Plaintiffs, the Complaint does not allege any facts that would allow Plaintiffs' recovery of punitive damages.  *Id.* at ¶ 10.

Plaintiffs contend that Hickey's use of a cellular telephone was "willful, wanton and reckless."  Pls.' Mem. Supp. Reply to Defs'. Mot. Dismiss 2.  Plaintiffs contend that, under the federal rules' notice pleading standards, they have alleged enough facts to warrant denial of Defendants' motion.  *Id.* at 2-4.  Plaintiffs argue that a reasonable jury, under these standards and the facts alleged, could conclude that Hickey created a high degree of risk of physical harm to another by using his cellular telephone immediately before colliding with Piester, thus allowing punitive damages to be awarded.  *Id.*

III. **DISCUSSION**

    A. **Legal Standard.**

According to the federal rules, "[a] motion asserting [a failure to state a claim upon which

relief can be granted] must be made before pleading if a responsive pleading is allowed." Fed.R.Civ.P. 12(b).  Once the responsive pleading, such as Defendants' Answer, is made asserting a defense of a failure to state a claim, the appropriate motion to be made is a motion for judgment on the pleadings.  Fed. R. Civ. P. 12(c); *see Dukes v. Lancer Ins. Co.*, 390 Fed. Appx. 159, 163 n.4 (3d Cir. 2010).

In the present case, Defendants filed an Answer, and then filed a Motion to Dismiss approximately 3 ½ months later.  Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) is inappropriate here.  In such cases, the Court may construe the 12(b)(6) Motion as a Motion for Judgment on the Pleadings.  Rule 12(h)(2) provides: "Failure to state a claim upon which relief can be granted ... may be raised ... by a motion under Rule 12(c) [for judgment on the pleadings]." Fed.R.Civ.P. 12(h)(2)(B).  Indeed, district courts within the Third Circuit have construed motions to dismiss under Rule 12(b)(6) filed after the close of pleadings as motions for a judgment on the pleadings under Rule 12(c).  *See, e.g. Turbe v. Gov't of the V.I.*, 938 F.2d 427, 428 (3d Cir.1991); *Penzoil Prods. Co. v. Colelli & Assocs., Inc.*, 953 F.Supp. 669, 671 n. 1 (W.D.Pa.1997) (converting a post-answer motion for a preserved Rule 12(b)(2) defense to a motion under Rule 12(c)), *rev'd on other grounds*, 149 F.3d 197 (3d Cir.1998). Thus, this Court will address the merits of the motion filed by Defendant as though it had been submitted as a motion under Rule 12(c) instead of under Rule 12(b)(6).[1]

A motion for judgment on the pleadings pursuant to Rule 12(c) is analyzed using the same standard as a motion to dismiss under Rule 12(b)(6).  *See Finley v. City of Phila.*, No. 11-

---

[1] The Court also discussed this anomaly in Defendants' threshold motion with the parties during the Rule 16 conference, and all parties agreed that the Motion to Dismiss should be converted to a Motion for Judgment on the Pleadings, and addressed on the merits.

1205, 2011 WL 3875371, at *2 (E.D. Pa. Aug. 31, 2011) (*citing Constitution Bank v. DiMarco*, 815 F. Supp. 154, 157 (E.D. Pa. 1993)); *see also Hollander v. Ranbaxy Labs. Inc*, No. 10-793, 2011 WL 248449, at *3 (E.D. Pa. Jan. 24, 2011). Judgment on the pleadings is appropriate where the moving party clearly establishes that no material issue of fact remains to be resolved and that the party is entitled to judgment as a matter of law. *Finley*, 2011 WL 3875371, at *2 (*citing Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008)); *see also Hollander*, 2011 WL 248449, at *3. A court must therefore accept all well-pleaded factual allegations as true, and must draw all reasonable inferences in favor of the non-moving party. *Hollander*, 2011 WL 248449, at *3. In deciding a motion for judgment on the pleadings under Rule 12(c), a court generally considers only the allegations in the complaint, any exhibits attached to the complaint, matters of public record, undisputedly authentic documents that form the basis of the claim(s), and the defendant's answer. *See Finley*, 2011 WL 3875371, at *2; *see also Hollander*, 2011 WL 248449, at *3.

  This Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir.2008) (internal quotation and citation omitted). After the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, ____ U.S. ____, ____, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." Iqbal, 129 S.Ct. at 1949 (*citing Twombly*, 550 U.S. at 556). This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S.Ct. at 1949; *accord Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–211 (3d Cir.2009) ("All civil complaints must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotation omitted).

      B.      Analysis.

As noted, the current motion concerns Plaintiffs' request for punitive damages. Under Pennsylvania law, punitive damages are an "extreme remedy" and are available only when the plaintiff has established that the defendant has acted in "a particularly outrageous fashion." *Phillips v. Cricket Lighters*, 883 A.2d 439, 445-46 (Pa. 2005). Outrageous behavior includes "evil motive" or "reckless indifference to the rights of others." *Id.* at 445 (*quoting Martin v. Johns-Manville Corp.*, 494 A.2d 1088, 1096 (Pa. 1985)). A defendant acts with reckless indifference when his or her conduct "'creates an unreasonable risk of physical harm to another [and] such risk is substantially greater than that which is necessary to make his conduct negligent.'" *Id.* (*quoting Hutchison v. Luddy*, 870 A.2d 766, 771 (Pa. 2005). In other words, the state of mind of the defendant is vital when assessing the availability of punitive damages, and the defendant's act, or failure to act, must be intentional, reckless, or malicious. *See Theise v. Carroll*, No. 10-1715, 2011 WL 1584448, at *3 (M.D. Pa. Apr. 27, 2011) (*citing Feld v. Merriam*, 485 A.2d 742, 748 (Pa. 1984)); *see also Hutchison*, 870 A.2d at 770. Thus, "a court may not award punitive damages merely because a tort has been committed," but only where "'[a]dditional evidence . . . demonstrate[s] willful, malicious, wanton, reckless or oppressive conduct.'" *Xander v. Kiss*, No. CV-2010-11945, 2012 WL 168326 (Pa. Ct. Com. Pl. Jan. 11,

2012) (*quoting McClellan v. Health Maint. Org. of Pa.*, 604 A.2d 1053, 1061 (Pa. Super. Ct. 1992)).

Accepting as true all of the allegations in the Complaint, Plaintiffs' punitive damages claim cannot withstand the instant motion. The only fact which Plaintiffs allege in their Complaint regarding Defendants' conduct is that Hickey "looked at" or "used" his cellular telephone immediately preceding the accident. Even accepting this fact as true, this will not support a punitive damages claim under Pennsylvania law. Pennsylvania courts have held that fact does not give rise to conduct outrageous enough to warrant awarding punitive damages.

While there is very limited case law analyzing this specific issue, this Court can look at *Xander, supra,* for guidance. There, a Pennsylvania trial court considered an almost identical claim: plaintiff sought punitive damages against the defendant arising out of a motor vehicle collision, contending that the defendant was talking on his cellular telephone, veered out of his lane of traffic, and collided with the plaintiff. *Xander*, 2012 WL 168326. The *Xander* court struck the punitive damages claim, noting that the defendant "simply lost control of his vehicle while speaking on his cellular telephone, causing a motor vehicle accident." *Id.* The court noted that while such allegations may establish a claim for negligence, "they fall short of establishing [a defendant's] *evil motive* or *reckless indifference* to [the plaintiff's] rights. *Id.* (emphasis added). Bald allegations that the defendant "looked at" or "used" a cellular telephone while driving are insufficient to support a claim of "reckless indifference." The *Xander* court concluded that a properly-pled punitive damages claim requires <u>additional</u> facts, such as well-pled allegations that defendant exceeded the posted speed limit, or disregarded traffic signals, or otherwise drove erratically. *Id. (citing Gaddis v. Hegler*, No. 10-249, 2011 WL 2111801, at *4

(S.D. Miss. May 26, 2011) (noting defendant speeding, failing to observe two stop light warning signs, running red light that was red for more than ten seconds prior to impact, and crossing two lanes of traffic before impact); *Pennington v. King*, No. 07-4016, 2009 WL 415718, at *6 (E.D. Pa. Feb. 19, 2009) (noting defendant truck driver operating tractor-trailer in wildly erratic manner which prevented decedent from passing)).

Here, as in *Xander*, Plaintiffs have failed to plead facts supporting a claim for outrageous behavior sufficient to establish Defendants' "evil motive" or "reckless indifference" to Plaintiffs' rights. In the Complaint, Plaintiffs allege only that Hickey "looked at his cell phone just before driving into the rear of Derek Piester's car." Compl. ¶ 8. Plaintiffs have pled no facts sufficient to establish "outrageous behavior" on Hickey's part, and Plaintiffs have similarly failed to set forth facts as to Potamkin's "outrageous behavior" sufficient to support the award of punitive damages against Potamkin.

Accordingly, I conclude that Plaintiffs have failed to plead facts sufficient to support their claim for the award of punitive damages.

An appropriate Order follows.

BY THE COURT:

  /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE
